Todd M. Friedman (216752)
Meghan E. George (274525)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiff

*Attorneys for Plaintiff, RAFAEL HERRERA, and all others similarly situated*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL HERRERA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MOPHIE, INC.;<br>DOES 1-50, INCLUSIVE,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq*.) and<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.)<br><br>**Jury Trial Demanded** |

Plaintiff Rafael Herrera ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

**NATURE OF THE ACTION**

1.    Plaintiff brings this class action Complaint against Defendant MOPHIE, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising that their external batteries include a lightning connector, when in fact, they do not, and to obtain redress for all California consumers ("Class Members") who purchased, within the applicable statute of limitations period, one of these external batteries manufactured by Defendant (hereinafter collectively referred to as the "Class Products").

2.    Defendant is a Utah corporation and is engaged in the manufacture, sale, and distribution of external batteries and related equipment and services with its headquarters and a large share of its business done in California.

3.    Defendant represents that certain batteries include a lightning connector in their packaging, when they in fact, do not include the lightning connector.

4.    Plaintiff and others similarly situated purchased these external batteries in falsely labeled packaging.

5.    Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated that the lighting connector would be included with this external battery, but in fact they were not included in the package, providing the consumers with batteries, without the features and accessories it was advertised to have.

6.    Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase these batteries, which Plaintiff and others similarly situated would not have purchased absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California

CLASS ACTION COMPLAINT

1    consumer protection statutes.

2    **NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

3    7.    Consumers purchased external batteries advertised to have lightning

4    connector included with the batteries.

5    8.    On the outside of the boxes of these batteries, there is a statement

6    assuring customers that these batteries will include a lightning connector (See

7    "Exhibit A").

8    9.    Consumers rely on the representations and advertisements of

9    retailers in order to know which batteries to purchase for their cellular phones.

10    The ability to easily charge the external battery, or whether additional separate

11    purchases are necessary,  can often times deter one from buying this particular

12    external battery.

13    10.    Defendant is a manufacturer that is engaged in the manufacture,

14    marketing, supplying and distributing of external batteries advertised to include a

15    lightning connector in their packaging, but in fact do not.

16    11.    Consumers pay for the lightning connector as part of the payment

17    for the battery. When consumers purchase the battery they are purchasing the

18    accessories that are advertised to come with them.

19    12.    Defendant profits from both the sale of the batteries and the

20    Defendant's advertising of lightning connectors being included as an accessory.

21    Without the lightning connector accessory, many of the consumers would not

22    have purchased these batteries because of the fact that this accessory is not

23    included and must be purchased separately.

24    13.    In actual fact, the lightning connector is not included within the

25    package, that the Defendant advertises them to include.

26    14.    Despite the fact that these batteries do not include the lightning

27    connector, Defendant and Defendant's employees nonetheless represent to

28

CLASS ACTION COMPLAINT

consumers on the box that the batteries include the lightning connector, and benefit from such representations.

15.    Defendant conceals the fact that batteries do not include the lightning connector.

16.    Defendant makes written representations to consumers which contradict the actual features included with the batteries.

17.    The aforementioned written and oral representations are objectively false, and constitute a false advertisement under Cal. Bus. & Prof. Code §§ 17500 et. seq., and an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

18.    Defendant's violations of the law include, but not limited to, the false advertising, marketing, representations, and sale of the invalid Class Products to consumers in California.

19.    On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling the Class Products and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

20.    This class action is brought pursuant to Federal Rule of Civil Procedure 23.  All claims in this matter arise exclusively under California law.

21.    This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased the battery at a Apple store located at The Grove, in Los Angeles, California.  Plaintiff resides in the Central District of California and Defendant does business, inter alia, in the Central District of California.

22.    There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4

(Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

23.    In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiffs and the class are citizens of California State.

## THE PARTIES

24.    Plaintiff Rafael Herrera is a citizen and resident of the State of California, County of Los Angeles.

25.    Defendant MOPHIE, INC. is a corporation with its principal place of business located in California and headquarters in California.  Defendant is a Utah Corporation.  Defendant conducts a large share of its business within California.

26.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

27.    Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its

employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

28.    At all relevant times, Defendant ratified each and every act or omission complained of herein.    At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

29.    On or around September 15, 2018 Plaintiff went to the Apple Store, at The Grove, located at 189 The Grove Dr, Los Angeles, CA 90036, and purchased a Mophie Powerstation XXL external battery ("the battery").

30.    For the battery, Plaintiff paid more than valuable consideration.

31.    Including taxes and fees Plaintiff paid $109.45. A receipt of the purchase is enclosed for the record (see "Exhibit B").

32.    Defendant manufactured the battery with all relevant packaging and materials.

33.    On the box of the battery, Defendant advertised that the battery included a lightning connector.  (see "Exhibit A"). In relevant part, the box said:

**"Quick Charge External Battery With Lightning Connector"**

34.    On Apple's website, the Mophie Powerstation XXL is similarly advertised under the "What's In The Box" section as:

**"mophie powerstation XXL 20K Universal Battery with Lightning Connector"**

35.    A "Lightning Connector" is a small connector on Apple Mobile devices that charges and connects the devices to computers and charging bricks.

36.    Relying on the assurance that the lightning connector would be included with the purchase of the battery, Plaintiff decided to purchase the battery. Plaintiff purchased the battery because of the assurance that a lightning connector was included with the battery.

37.    Upon returning to his residence, Plaintiff opened the battery to find

that the package did not include a lightning connector.

38.     Plaintiff returned to the Apple store, and was assured by two salespeople, and the manager, that the battery should have, in fact, included the lightning connector.

39.     The manager opened another battery package, and was shocked to find that it did not include a lightning connector either. The manager and the sales representatives at the Apple store confirmed that the packaging was false and misleading.

40.     Upon learning this, Plaintiff felt ripped off and cheated by Defendant.

41.     Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

42.     Defendant expressly represented to Plaintiff, through written statements, that the battery would include a lightning connector.

43.     Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase batteries in spite of the inhibition brought about by the necessity that additional and separate purchases would be need to charge the batteries.

44.     In purchasing the Class Products at the time of purchase of his battery, Plaintiff relied upon Defendant's representations that the battery would include the lightning connector.

45.     Plaintiff would not have purchased the battery if she knew that the above-referenced statements made by Defendant were false.

46.     Had Defendant properly marketed, advertised, and represented the Class Products as failing to include the lightning connector, Plaintiff would not have purchased the battery.

47.     Plaintiff gave his money to Defendant because of the lightning

connector being included with the battery. Defendant benefited from falsely advertising the features included with the battery. Plaintiff received nothing for giving his money to Defendant for the lightning connector as it was not included with battery. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

48.    Had Defendant properly marketed, advertised, and represented the Class Products as failing to include the lightning connector, no reasonable consumer who purchased a battery would have believed that it came with the lightning connector.

## CLASS ACTION ALLEGATIONS

49.    Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

50.    The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All California Citizens who, between the applicable statute of limitations and the present, purchased one or more Class Products in the State of California, and whose battery was advertised to include a lightning connector.

51.    As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

52.    Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

53.    Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

54.    Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of

all members would be unfeasible and impractical.

55.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

56.    Rather, all claims in this matter arise from the identical, false, affirmative written statements that the lightning connector would be included for Class Members' when contemporaneously purchased batteries, when in fact, such representations were false.

57.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)    Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

(b)    Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

(c)    Whether Defendant profited from both the sale of the batteries and the lightning connectors;

(d)    Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*., and California Civ. Code § 1750, *et seq*.;

(e)    Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*., and California Civ. Code § 1750, *et seq*.;

(f)    Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(g)    Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

CLASS ACTION COMPLAINT

(h)    The method of calculation and extent of damages for Plaintiff and Class Members.

58.    Plaintiff is a member of the class he seeks to represent

59.    The claims of Plaintiff are not only typical of all class members, they are identical.

60.    All claims of Plaintiff and the class are based on the exact same legal theories.

61.    Plaintiff has no interest antagonistic to, or in conflict with, the class.

62.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period.    Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences.    Plaintiff's claims are typical of all Class Members as demonstrated herein.

63.    Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class.

64.    Common questions will predominate, and there will be no unusual manageability issues.

## **FIRST CAUSE OF ACTION**

### **Violation of the California False Advertising Act**

### **(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

65.    Plaintiff incorporates by reference each allegation set forth above.

66.    Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or

cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

67.    California Business and Professions Code section 17500, *et seq*.'s prohibition against false advertising extends to the use of false or misleading written statements.

68.    Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold the batteries advertised to have include a lightning connector included fully knowing this was false, and that no lightning connector was included in the package, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

69.    Specifically, Defendant wrote on the boxes of these batteries that the lightning connector was included with the batteries.

70.    Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

71.    As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Products, namely that the batteries included the lightning connector. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Products. In turn Plaintiff and other Class Members ended up with batteries, with no ability to charge them, which turned out to actually be different than advertised, and

therefore Plaintiff and other Class Members have suffered injury in fact.

72.    Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

73.    Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products would include lightning connector.

74.    Defendant knew that the Class Products did not in fact include the lightning connector.

75.    Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members that did not include the lightning connector.

76.    The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

77.    Plaintiff incorporates by reference each allegation set forth above.

78.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such

violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

79.    California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

80.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

81.    Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them

falsely described batteries (Class Products), which were not included in conjunction with said Class Products. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

82. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Products included lightning connectors, in order to induce them to spend money on said Class Products. In fact, knowing that Class Products, by their objective terms did not include lightning connectors for Plaintiff and other putative class members' batteries, unfairly profited from their sale, in that Defendant knew that the expected benefit that Plaintiff would receive from this accessory is nonexistent, when this is typically never the case in situations involving additional features said to be included with a product. Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any countervailing benefits to consumers.

83. Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these consumers could reasonably have avoided. After Defendant, falsely represented that Class Products would include the lightning connector for Plaintiff and class members' batteries, these consumers suffered injury in fact due to Defendant's sale of Class Products to them. Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Products did not include the lightning connectors. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase batteries without lightning connectors, or the ability to charge the batteries as advertised. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

84.    Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

85.    California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."   In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

86.    The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

87.    Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they included the lightning connector, even though the batteries contained no such feature.  Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

88.    As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as including the lightning connector, falsely represented the features of the Class Products.

89.    Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

90.    California Business and Professions Code Section 17200, et seq.

prohibits "any unlawful…business act or practice."

91.     As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as including the lightning connector, falsely representing the features included with the Class Products.

92.     Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

93.     These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

94.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

95.     Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

96.  Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

97.  Plaintiff, on behalf of herself and the Class, requests the following relief:

(a)  An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)  An order certifying the undersigned counsel as Class Counsel;

(c)  An order requiring MOPHIE, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)  An order requiring MOPHIE to engage in corrective advertising regarding the conduct discussed above;

(e)  Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

(f)  Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)  Any and all statutory enhanced damages;

(h)  All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i)  Pre- and post-judgment interest; and

(j)  All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  October 31, 2019          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC


By: */s Todd. M. Friedman*
     TODD M. FRIEDMAN, ESQ.
     Attorney for Plaintiff
     RAFAEL HERRERA

# EXHIBIT A





# EXHIBIT B

8:15  

**Done** emailreceipt_20180915R0505... 

DUPLICATE RECEIPT



**Apple The Grove**
189 The Grove Drive STE G-70
Los Angeles, CA 90036
thegrove@apple.com
323-617-9800
www.apple.com/retail/thegrove

September 15, 2018  01:51 PM

| | |
|---|---|
| **MOPHIE PWRSTATION LIGHTNING 20K BLK-ZML** | $ 99.95 |

Part Number: HM8V2ZM/A
Return Date: Sep. 29, 2018

For Support: 800-213-7232

| | |
|---|---|
| Sub-Total | $ 99.95 |
| Tax@9.50% | $ 9.50 |
| **Total** | **$ 109.45** |

**Payment Method**

| | |
|---|---|
| Amount Paid Via US DEBIT (Chip) | $ 109.45 |
| ···· 6490 | |
| 066672 | |

|||||||||||||
* R 0 5 0 5 4 0 0 9 8 8 *

Please debit my account  ···· 6490 by $ 109.45 (Sale)
Card Number: ···· 6490
Date/Time: 2018/09/15 13:50:29
Application ID: A0000000980840
Terminal ID: xxxx0056
Application PAN Sequence Number: 0
Trace Number: 00888936